IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN O'DONNELL,

            Plaintiff,

vs.                                                       CIVIL NO. 09-40 JH/LFG

GREGORY J. FOURATT
and DAVID IGLESIAS,

            Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING LIMITED WAIVER OF COSTS
### AND DISMISSING COMPLAINT WITH PREJUDICE

THIS MATTER is before the Court *sua sponte*. On January 15, 2009, Plaintiff Martin O'Donnell ("O'Donnell") filed a 42 U.S.C. § 1983 Complaint seeking damages against United States Attorney Gregory J. Fouratt and former United States Attorney David Iglesias [Doc. 1].

O'Donnell did not pay a filing fee, but, instead, submitted a Motion to Proceed In Forma Pauperis with Financial Affidavit Pursuant to 28 U.S.C. § 1915 [Doc. 2], seeking *in forma pauperis* status. The intent of this statute is to facilitate access to the courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

O'Donnell states that he is unemployed, and has no income or assets with which to prosecute his litigation. Accordingly, the Court will authorize the filing of his Complaint without payment of a filing fee.

## Authority for *Sua Sponte* Analysis

Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute. Moreover, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, federal courts "shall" dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Accordingly, the court may conduct a *sua sponte* review of an *in forma pauperis* complaint pursuant to this section and will dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109-1110 (10th Cir. 1991).

## Nature of the Case

O'Donnell asserts that his lawsuit arose after he was attacked, beaten, falsely accused and incarcerated, allegedly by a local police officer in Albuquerque, New Mexico. He contends he filed a complaint against the officer and sought assistance from the FBI and the United Attorney's Office (Doc. 1, B(1)); and, further, that he filed an "international human rights complaint" with the United Nations and with the "World Court," in Geneva, Switzerland.

O'Donnell further asserts that the "FBI [was] cooperative," (Doc. 1, B(1)), but that "U.S. Attorney Iglesias and Fouratt never replied , didn't call, didn't write." (Doc. 1). He contends that the cooperation from the FBI was "quite pleasant," but he received "no response" from the United States Attorney. He does not allege that either United States Attorney had anything to do with his alleged beating, arrest or incarceration. The sum of his allegations against United States Attorney

Gregory J. Fouratt and former United States Attorney David Iglesias is that neither responded to his letter. It is this "non-action" by Defendants that forms the basis of his civil rights Complaint.

### *Sua Sponte* Review of O'Donnell's Complaint

O'Donnell asserts that he is bringing his claims against the United States Attorneys pursuant to 42 U.S.C. § 1983. However, he notes that the Defendants' actions were not under color of state law [Doc. 1, ¶ 2]. A claim brought pursuant to 42 U.S.C. § 1983 requires two essential allegations:

> By the plain terms of a § 1983, two--and only two--allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who deprived him of that right acted under color of state or territorial law.

Gomez v. Toledo, 446 U.S. 635, 640 (1980). Under the Gomez v. Toledo test, O'Donnell's Complaint fails both prongs.

First, O'Donnell fails to identify any constitutional right which was violated by the former and present United States Attorneys. He did not and cannot assert any constitutional right to have the United States Attorney return his call or respond to a letter. There is simply no established statutory or constitutional right to demand and receive intercession from the United States Attorney in a situation such as the one that gave rise to O'Donnell's Complaint. Similarly, no Supreme Court, Tenth Circuit or other circuit court opinion holds that a United States Attorney is required by provisions in the Constitution or by federal law to intervene on behalf of a citizen who has a complaint against a local law enforcement officer. Thus, he fails to meet the first Toledo pleading requirement that a constitutional or federally protected right was violated.

Second, even if O'Donnell had identified a violation of his rights, he must meet the second prong of the Gomez v. Toledo test. O'Donnell did not and cannot assert that either Defendant acted under color of state law. This is a mandatory pleading requirement for § 1983 litigation. Id. As

both attorneys are United States Attorneys, they act under federal authority, not state law. Accordingly, the Court determines that O'Donnell's civil rights complaint fails to withstand scrutiny under Fed. R. Civ. P. 12(b)(6).

As O'Donnell is representing his own interests, the Court will liberally construe his claims to determine if he stated a claim under a theory other than 42 U.S.C. § 1983. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

If federal agents violate constitutional rights, they may be liable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Court recognized that in certain instances, constitutional claims could be asserted against a federal official in an individual capacity. However, the pleading requirements for a Bivens action are similar to a § 1983 action. That is, the plaintiff must demonstrate that the federal official violated the plaintiff's constitutional right. Thus, the Court examines the Complaint to determine if O'Donnell has stated an actionable Bivens claim or a claim under the Federal Tort Claims Act.

Any proposed Bivens claim suffers from the same infirmity as the § 1983 claim. O'Donnell cannot demonstrate that the United States Attorneys owed him any constitutional or federally protected right to intervene in his dispute with local law enforcement. There is no constitutional or federally protected right violated, and "merely negligent conduct on the part of federal officers do not amount to constitutional claim[s] to support [a] Bivens action." Oxendine v. Kaplan, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001). The Court concludes that O'Donnell did not and cannot state a Bivens claim.

Finally, the Court considers whether O'Donnell states a claim for relief under the Federal Tort Claims Act, 28 U.S.C. § 1346. Even if bringing the action complained of was a tort for which sovereign immunity was waived (which it is not), O'Donnell makes no mention of exhausting

4

mandatory remedies, including the timely filing of an administrative claim as required by law. *See* McNeil v. United States, 508 U.S. 106, 113 (1993)(Federal Tort Claims Act bars claimants from bringing suit in federal court until they have exhausted their administrative remedies).  Thus, the Court concludes that this claim may not proceed under the Federal Tort Claims Act.

## Conclusion

IT IS ORDERED that the motion for *in forma pauperis* is GRANTED, thereby allowing the Complaint to be filed without costs or fees;

IT IS FURTHER ORDERED that O'Donnell's Complaint is DISMISSED, with prejudice.

*[signature]*
UNITED STATES DISTRICT COURT